UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY J. WEST,
    Petitioner,

v.

Bureau of Prisons,
Hazelton F.C.I. Warden &
Psychology Services

FILED

NOV - 2 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

Civil No. 5:22-cv-259

Bailey
Mazzone
Prince

28 U.S.C. Section 2241 MOTION SEEKING CORRECTION OF RECORDS TO
ENSURE ACCURACY ACCORDING TO 5 U.S.C. SECTION 552(a)(g)(1)(C)

    Comes now Anthony J. West, hereinafter referred to as petitioner or West, proceeding pro se and prays this Honorable Court apply liberal construction to the instant filing as afforded all pro se litigants/inmates. (See Haines v. Kerner, 404 U.S. 519 (1972)).
    Petitioner is bringing the instant action due to the B.O.P.'s maintaining of inaccurate records applicable to petitioner that have and are continuing to adversely affect him, his programming and ultimately the execution of his sentence.

RELEVANT PROCEDURAL BACKGROUND AND ADMINISTRATIVE REMEDY EXHAUSTION

    On or about March 1, 2022 I petitioner began his exhaustion of his administrative remedies at his current institution. The need for said exhaustion is a result of his being informed by psychology services of some inaccuracies in his Presentence Investigation Report ("PSR"). Specifically, petitioner was given an interview regarding his qualifications, or lack thereof, for the Residential Drug Abuse Program ("RDAP"). At his interview petitioner was informed by psychology services at his current institution that he was ineligible to attend or enroll in the RDAP program due to his lack of a significant drug abuse history. Petitioner was informed by psychology services that, in his PSR it is reported that he used marijuana "two or three times a week." Petitioner informed psychology services that this was inaccurate as he had informed the Probation Department when preparing his PSR that he had used marijuana "two or three times a day every week." The psychology services informed petitioner that they would not and could not correct this discrepancy. Petitioner requested psychology services to contact the probation department and inform them of this inaccurate information and the fact that he was protesting its inaccuracies but psychology services refused to do so. Petitioner then went to his Unit Team which consisted of his Unit Manager, his Case Manager and his Counselor. All of whom informed him that they would not act on his grievance. Petitioner immediately began the filing of his administrative remedies once he seen that his issues were not going to be resolved or remedied "informally."
    Petitioner was informed through his administrative remedies that he needed to have his issues "handled through inmate legal mail." (See attached copies of administrative remedy/grievance marked Exhibit A) Petitioner has exhausted all his available administrative remedies afforded him through the inmate grievance process here at his current institution. Those grievances consisted of his BP-8, BP-9, BP-10 and BP-11. The copies that were returned to him and/or provided him are attached in the above mentioned exhibits. Whatever is lacking or missing is a result of the BOP not returning copies or providing copies to him, all of which can be verified through the BOP's Administrative Remedy Coordinator. Petitioner's issue(s) are now ripe for consideration by this Honorable Court.

ARGUMENT

    Petitioner brings the instant action seeking this Honorable Court's intervention to correct inaccuracies in the BOP Agency's records that are adversely affecting petitioner's classification and ability to enroll in and benefit from the RDAP program that is evidence based rehabilitative and recidivism reducing.
    Petitioner was recently informed by psychology services at his institution that he is ineligible to enroll in or benefit from the RDAP program due to the fact that he did not have a significant enough history of drug abuse. Specifically, psychology services informed petitioner that its records showed that petitioner only used marijuana two or three times a week. However, as petitioner informed psychology services and every level of his administrative process, he abused/used marijuana two or three times a "day" every week. This meant that petitioner was using marijuana everyday, two or three times a day. Not two or three

times a week. Psychology services and every other department that could have, failed or refused to correct these inaccurate records which is violative of the law that governs an agency's requirement to maintain accurate records at all times. Especially when those records could adversely affect someone's status, eligibility to receive benefits, etc.. "The Privacy Act provides a private cause of action '[w]henever an agency...fails to maintain any record concerning an individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently, a determination is made which is adverse to the individual.' 5 U.S.C. Section 552(a)(g)(1)(C)," Lamb v. Madly, 2021 U.S. Dist. LEXIS 62841 (D. of Maryland March 30, 2021). Successful completion of the RDAP program also allows the participants to receive time off of their sentences as well as extra time in RRC placement to secure job and home placement as well as to ensure and increase the individual's chances of successful re-entry back into society.

In petitioner case, this is exactly what has happened and exactly what 5 U.S.C. Section 552(a)(g)(1)(C) was/is designed to protect against. According to Seldowitz v. Office of the Inspector General, 2000 U.S. App. LEXIS 29017 (4th Cir. 2000), "Under the Privacy Act, an individual alleging inaccuracies in agency records may 'request amendment of a record pertaining to him,' 5 U.S.C.A. Section 552(a)(d)(2)." Petitioner's denial of RDAP due to the inaccuracies in the BOP records is adversely affecting his rehabilitation efforts, benefits offered by enrollment in and completion of the RDAP program that is evidenced based rehabilitative and recidivism reducing. There is no other remedy for petitioner, after his having exhausted his administrative remedies in his attempts to have the agency correct its inaccurate records, other than the instant filing. The agency, in this case the Bureau of Prisons, has an obligation under the Privacy Act to correct any inaccuracies in its records it maintains regarding petitioner. Failure or refusal to do so is violative of the Act and relevant law and exposes the BOP, its actors and sub agencies to lawsuits that could result in monetary damages being awarded, as well as other awards. "Section 552a(g)(4) provides that in any action brought under Section (g)(1)(C), in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable for actual damages sustained by the individual not less than $1,000 as well as litigation and attorney's fees. 5 U.S.C.S. Section 552a(g)(4)," Sellers v. Bureau of Prisons, 952 F.2d 1423 (D.C. Court of Appeals 1992).

## RELIEF PRAYED FOR

Based on the herein foregoing in its entirety, petitioner prays this Honorable Court Order the B.O.P. to correct the inaccuracies in its records it maintains regarding petitioner in order for it to reflect the accurate information as petitioner has stated herein and throughout his entire administrative remedy process. That is, that he actually used/abused marijuana "two or three times a day every week" meaning that every single day, petitioner was smoking marijuana in the year prior to his current incarceration for his current charge.

And/or any relief that law and justice require.

Dated this 27 day of October, 2022.

I, Anthony J. West, swear under penalty of perjury by the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. (28 U.S.C. Section 1746)

Respectfully Submitted,
/s/ Anthony West 66209-060
Anthony J. West
Petitioner - Pro Se