Administrative Remedy Number 1115480-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal, in which you assert inaccuracies contained within your Pre-Sentence Report (PSR), which has resulted in your ineligibility for the Residential Drug Abuse Program. For relief, you request to have your PSR corrected.

We have reviewed documentation relevant to your appeal and based on the information gathered, concur with the manner in which the Warden and Regional Director addressed your concerns at the time of your Request for Administrative Remedy and subsequent appeal. An inmate may challenge the accuracy of Central File materials in accordance with Program Statement 5800.17, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u>. As previously advised, you are encouraged to make the request through your unit team. You may also address your concerns with the sentencing courts.

Accordingly, this response is provided for information purposes.


__10-03-2022__                     _A. Connors_
Date                                Ian Connors, Administrator
                                    National Inmate Appeals

**U.S. Department of Justice**
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: WEST, ANTHONY J.    66209-060    N-1    F.C.I. HAZELTON
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

I AM APPEALING THE REGION'S DENIAL OF MY BP-10. THE REGIONAL DIRECTOR DENIED MY BP-10 INFORMING ME THAT P.S. 5800.17 PERMITS ME TO CHALLENGE THE INACCURACIES OF MY CENTRAL FILE. THE REGIONAL DIRECTOR INFORMED ME THAT I CAN PROVIDE MY UNIT TEAM WITH SUFFICIENT INFORMATION IN SUPPORT MY CHALLENGE. I PROVIDED MY UNIT TEAM, THE WARDEN AND REGIONAL DIRECTOR WITH MY GRIEVANCE AND EVIDENCE OF MY CHALLENGE. ALL TO NO AVAIL. THE PSYCHOLOGY DEPARTMENT INFORMED ME THAT I WAS NOT ELIGIBLE FOR THE RDAP PROGRAM BECAUSE MY P.S.R. STATED THAT I USED "MARIJUANA TWO OR THREE TIMES A WEEK." THIS IS MY CHALLENGE AS I INFORMED PSYCHOLOGY SERVICES, MY UNIT TEAM, THE WARDEN AND THE REGIONAL DIRECTOR THAT I HAD INFORMED THE PROBATION OFFICER WHO PREPARED MY P.S.R. THAT I HAD SMOKED MARIJUANA "TWO OR THREE TIMES A DAY EVERY WEEK." I EVEN PROVIDED MY UNIT TEAM WITH THE CONTACT INFO OF THE PROBATION OFFICER. I'M REQUESTING MY P.S.R. BE CHANGED/CORRECTED TO REFLECT THE ACCURATE INFORMATION.

AUGUST 2, 2022                              Anthony West
DATE                                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
AUG 10 2022
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                              GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE        CASE NUMBER: 1115480-A1

**Part C - RECEIPT**
                                  CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                                                              BP-231(13)
                                                                     JUNE 2002

REQUEST FOR ADMINISTRATIVE REMEDY
ADMINISTRATIVE REMEDY #1115480-F1

This is in response to your Request for Administrative Remedy dated March 3, 2022, stating your current Presentence Investigation Report (PSR) is incorrect and requesting it be corrected/modified.

Upon review, your current PSR, Docket No.: 0647 4:18CR00737-001, under Substance Abuse states; according to (you) the defendant, he first consumed alcohol at age 18 and last consumed alcohol in September 2018. The defendant first used marijuana at age 17 and last used the substance in the summer of 2018. The defendant experimented with Percocet on one occasion at the age of 31. He denied using any other illicit substance. According to the defendant's pretrial services report, he denied using any illicit substances aside from using marijuana on one occasion at the age of 15. The defendant tested positive for cocaine on December 19, 2018. He denied using cocaine. The defendant completed substance abuse treatment and Men's Group in October 2019 while incarcerated at Northeast Ohio Correctional Facility. The defendant's attorney provided copies of his Certificate of Achievement for competing both programs. He reported no further substance treatment. The defendant is interested in receiving treatment.

Your legal representative will need to file in court to get an addendum to the PSR to be completed for this information to be changed. Your unit team is not responsible for completing this.

Based on our findings, this response is for informational purposes only.

If dissatisfied with this response, you may appeal to the Mid-Atlantic Regional Director, Federal Bureau of Prisons, 302 Sentinel Drive, Suite 200, Annapolis Junction, Maryland 20701. Your appeal must be received in the Regional Office within 20 days of the date of this response.

_____          4/20/22
R. McCaffrey                         Date
FCI Acting Warden

U.S. DEPARTMENT OF JUSTICE  
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A- INMATE REQUEST** I am appealing the denial of my BP-8 that was denied on 8/17/22 when Unit Manager informed me of my denial that my issue "needs to be handled through inmate legal mail." My issue is that information in my PSR regarding my history of drug use/abuse is incorrect and needs to be corrected/modified. Specifically, I was recently informed by Psychology Services here at the Institution that my PSR states, in regards to my history of drug use/abuse, that I had informed the Probation Officer who prepared my PSR that I used and abused marijuana "two or three times a week" when in fact what I had told the probation officer preparing my PSR is that I abused and used marijuana "two or three times a day, every week." I am bringing the instant filing to the attention of staff here at the institution, now your offices, that there is a discrepancy regarding this information contained in my PSR, which constitutes "maintaining inaccurate records" and is a violation of the Privacy Act (Act) due to the use of the incorrect information in determinations adverse to myself. Specifically, because of this incorrect information, I am being denied an evidence based drug program, i.e., Residential Drug Abuse Program (RDAP), that I need to aid in my rehabilitation and drug abuse prevention for my future. Section 552(a)(5) of the Privacy Act (Act) provides that each agency that keeps a system of records must maintain all records with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination. 5 U.S.C.S. § 552(e)). Section 552a(g) fo the Act provides civil remedies for violations of 5 U.S.C.S. § 552a(e)(5). In particular, §552a(g)(1)(C), permits _____ "See Attachment"

_____      _____  
DATE                            SIGNATURE OF REQUESTER

**Part B- RESPONSE**


_____      _____  
DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE      CASE NUMBER: _____

                                                                              CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____  
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____      _____  
DATE                            RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN      PRINTED ON RECYCLED PAPER      BP-229(13) APRIL 1982

```
NUMBER:  HAX-1330.18
DATE:    February 3, 2014
SUBJECT: Administrative Remedy
         Program
PAGE:    9
```

ATTACHMENT A

Federal Correctional Complex Hazelton
Requst for Administrative Remedy
Informal Resolution Form - General Population

Notice to Inmates: Prior to receiving a Request for Administrative Remedy Form (BP-229), you MUST attempt Informal Resolution through your Counselor, or provide other documentary evidence of your attempt at informal resolution. Failing to attempt informal resolution may result with rejection of your request.

### Part A

| Inmate Name: ANTHONY WEST | Reg. No.: 66209-060 | Unit: N-1 |
|---|---|---|

1. Specific Complaint: INFORMATION IN my PSR REGARDING my HISTORY OF DRUG USE/ABUSE IS INCORRECT AND NEEDS CORRECTION/MODIFICATION. "SEE ATTACHED"

2. Relief Requested: THAT my PSR BE AMENDED AND CORRECTED TO REFLECT THE ACTUAL INFORMATION I PROVIDED TO THE PROBATION OFFICER WHO PREPARED my... "SEE ATTACHED"

### Part B

| Food Service | Unit Manager ✓ | UNICOR |
|---|---|---|
| Business Office | Psychology | Education |
| Trust Fund/Laundry | Religious Services | Recreation |
| Health Services | Correctional Svcs | Facilities |
| Safety | ISM/Mailroom/Records | Administration |

### Part C

| | | Comments: |
|---|---|---|
| | Issue Resolved Relief granted | |
| X | Issue Un-resolved No Relief granted | Comments: This needs to be handled through inmate legal mail. |
| | Unable to Address Issue Referred | Comments: |

Inmate Signature: [signature]      Date: FEBRUARY 22, 2022
Staff Signature: [signature]        Date:
Unit Manager Signature: [signature] Date: 2-25-22

### Counselor Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| N1-0039 | 2-22-22 | | 2-22-22 | 3-1-22 | |



Attachment

Specific Complaint continued.

...I was recently told by psychology services here at the institution I'm currently housed in that my PSR states, in regards to my history of drug use/abus, that I had informed the Probation Officer who prepared my PSR that I used and abused marijuana "two or three times a week" when in fact what I had told the Probation Officer preparing my PSR that I abused/used marijuana "two or three times a day, every week." I am hereby bringing to your attention that there is a discrepancy regarding this information contained in my PSR, which constitutes "maintaining inaccurate records" and is a violation of the Privacy Act (Act) due to the use of the incorrect information in determinations adverse to myself. Specifically, because of this incorrect information, I am being denied an evidence based drug program, i.e., Residential Drug Abuse Program (RDAP), that I need to aid in my rehabilitation and drug abuse prevention for my future. Section 552a(e)(5) of the Privacy Act (Act) provides that each agency that keeps a system of records must maintain all records with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination. 5 U.S.C.S. § 552e(5). Section 552a(g) of the Act provides civil remedies for violations of 5 U.S.C.S. § 552a(e)(5). In particular, § 552a(g)(1)(C) permits a civil action if an agency fails to maintain any record concerning any individual and consequently a determination is made which is adverse to the individual. 5 U.S.C.S. § 552a(g)(1)(C). And § 552(g)(4) provides that in any action brought under § 552(g)(1)(C), in which the determines that the agency acted in a manner which was intentional or willful, the United States shall be liable for actual damages sustained by the individual not less than $1,000 as well as litigation costs and attorney's fees. 5 U.S.C.S. § 552a(g)(4). (See Sellers v. Bureau of Prisons, et al., 959 F.2d 307; 294 U.S. App. D.C. 361; 1992 U.S. App. LEXIS 5369 (Court of Appeals for District of Columbia, 1992) This case goes on to say that "As long as the information contained in an agency's files is capable of being verified, then under 5 U.S.C.S. § 552a(e)(5) and 5 U.S.C.S. § 552a(g)(1)(C) of the Privacy Act, the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual. If the agency willfully or intentionally fails to maintain its records in that way, and, as a result, it makes a determination adverse to an individual, then it will be liable to that person for money damages," Id.

Relief Requested continued.

...I am requesting the Unit Team, Psychology Services and/or whomever the responsible party is contact the Probation Department that prepared my PSR, inform them of the inaccuracies complained of herein, so that they can make the proper corrections/ amendments and/or verify the inaccuracies so that they may be corrected and the adversity I'm suffering can be removed.